BENJAMIN B. WAGNER
United States Attorney
KAREN A. ESCOBAR
Assistant United States Attorney
2500 Tulare St., Suite 4401
Fresno, CA  93721
Telephone:  (559) 497-4000
Facsimile:   (559) 497-4575

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DIOCELINA BUSTOS ABARCA and<br>ALEJANDRO URIOSTEGUI-RODRIGUEZ,<br><br>Defendant. | CASE NOS.  1:11-cr-00093-LJO/1:09-cr-339 LJO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1.  By previous order, this matter was set for a status conference on Monday, September 10, 2012, at 8:30 a.m.

2.  By this stipulation, the parties move to continue the status conference date until October 9, 2012, at 8:30 a.m. and to exclude time between September 10, 2012, and October 9, 2012.

3.  The parties agree and stipulate, and request that the Court find the following:

    a.  The parties agree and stipulate, and request that the Court find the following:

1

    a.    The government represents that the discovery associated with the most recent case includes over 3,320 pages of investigative reports and related material, 50 CDs, and 17 DVDs. The earlier case, charging Abarca only, includes over 1,949 pages of investigative reports and related material, 16 CDs, and 4 DVDS. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b.    Defense counsel desire additional time to review discovery, conduct further investigation, and discuss final resolution with their clients, who are not readily accessible to defense counsel due to their housing assignment. Plea negotiations have been ongoing.

    c.    Defense counsel believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d.    The government does not object to the continuance.

    e.    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

    f.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 10, 2012, to October 9, 2012, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

2

IT IS SO STIPULATED.

DATED: September 5, 2012.   Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

/s/ Karen A. Escobar_____
KAREN A. ESCOBAR
Assistant United States Attorney

DATED: September 5, 2012.

/s/ Peter Jones _____
PETER JONES
Counsel for Defendant Diocelina Bustos Abarca

DATED: September 5, 2012.

/s/ Barbara O'Neill_____
PETER JONES
Counsel for Defendant Alejandro Uriostegui-Rodriguez

**O R D E R**

IT IS SO FOUND.

IT IS SO ORDERED.

Dated:   **September 6, 2012**           **/s/ Lawrence J. O'Neill**
                                                                  UNITED STATES DISTRICT JUDGE

3